(90 South. 427)

No. 24843.

## TALLEY v. LAWHON.

(Jan. 2, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Mines and minerals** ⟨⟩⟩58—**For a 6 months' extension for drilling $160 held a serious price, so that contract was not potestative.**

For each 6 months' extension of privilege to drill a well in unproven territory, as provided in an oil and gas lease, $160 was a serious price, so that the contract was not potestative on part of the lessee.

**2. Mines and minerals** ⟨⟩⟩75—**Stock in lessee company held a serious consideration for an extension for drilling well.**

Where lessee had already drilled one well for oil and gas in unproven territory, stock in lessee company worth practically $8, but of much more speculative value, *held* a serious price for a 61-day extension of time to drill.

**3. Mines and minerals** ⟨⟩⟩78(7)—**Evidence held to show lessee had not continued work according to lease.**

Evidence *held* to show that lessee had not continued with reasonable diligence the work required under an oil and gas lease, and to go far toward showing that it was abandoned for lessee's lack of funds.

**4. Mines and minerals** ⟨⟩⟩78(4)—**Lessor not required to put lessee in default when work is not continued with reasonable diligence.**

It is not incumbent on lessor to put lessee in default when work is not being continued with reasonable diligence, as there is no obligation on part of lessee to do anything, but only a right to prolong the existence of the lease by doing a specified thing in a specified time or let the lease run out by not doing it.

O'Niell, J., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by M. H. Talley against Z. R. Lawhon, to annul a lease and lease extension. Judgment for the defendant, and the plaintiff appeals. Judgment set aside, and lease and extension thereof annulled, and recordations thereof canceled.

T. H. McEachern, of Homer, and Foster, Looney & Wilkinson, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

PROVOSTY, J.  On the 23d of September, 1920, the plaintiff, as lessor, entered into the following agreement:

"This agreement entered into by and between Hugh Talley, a resident of Claiborne parish, Louisiana, hereinafter called lessor, and the Haynesville Oil Company, Inc., represented herein by W. T. McEachern, its vice president, hereinafter called lessee, witnesseth:

"Whereas, the said lessor did, on the 24th day of October 1919, execute an oil, gas and mineral lease in favor of N. M. Hyde, trustee, who assigned same to the Haynesville Oil Company, Inc., covering the following described property, to wit.  "S. E. ¼ of S. E. ¼ Tp. 33, R. 8 West, containing 40 acres, under the terms of which lease it is provided that, if lessee shall have begun operations in an attempt to find oil or gas in paying quantities within six months from date thereof, then without making any further payment lessee may continue with reasonable diligence such attempt as long as lessee shall wish, and make as many attempts as the lessee pleases, provided not more than sixty days shall elapse between the cessation of work on one well and the beginning work on another, all of which is more fully shown by said lease, recorded in the records of Claiborne parish, Louisiana; and

"Whereas, the said Haynesville Oil Company, Inc., transferee of the said N. M. Hyde, began operations for drilling a well within the delay as provided by said lease but was forced to abandon the first well drilled at a depth of twenty-two hundred and eighty feet, on or about the first day of August, 1920; and

"Whereas, it will be impracticable for the said Haynesville Oil Company to begin operations of drilling another well within sixty days from the date that it ceased operations on its Goree well No. 1; and

"Whereas, it is the intention of the parties hereto to prove up the territory surrounding the property herein leased:

"Therefore, for and in consideration of the price and sum of eighty dollars in stock dollars this day paid lessor by lessee, it is hereby agreed by and between the parties hereto that the lessor has and does hereby amend said lease so as to extend the time of the beginning

of drilling another well to January 1, 1921, it being understood that if operations of drilling another well within two miles of the property herein leased is begun on or about January 1, 1920, that the said lease entered into by and between the lessor and the said N. M. Hyde, trustee, on October 24, 1919, is to remain in full force and effect."

The lease to which this agreement refers contained the usual stipulations for royalties in the event oil or gas was discovered in paying quantities, and required that for each 6 months' time within which to attempt to discover oil or gas in paying quantities a payment of $160 should have to be made in advance.

The Haynesville Oil Company transferred the lease to defendant.

[1] The object of the present suit is to have this lease and its said extension annulled, on the ground that they were potestative on the part of the lessee, the price not being serious, and on the further ground that the lessee suffered more than 60 days to elapse between the cessation of work on one well and the beginning of work on another without prosecuting the work with reasonable diligence. The 40 acres being in unproven territory, we think $160 for a 6 months' privilege to drill was a serious price, and hence that the contract was not potestative on the part of the lessee.

[2] It is said that the stock of the Haynesville Oil Company was not worth 10 cents on the $1, and that therefore the $80 of it given for the extension, practically $8, was not a serious price. The time within which the lessee would have had to resume work would have expired 60 days after August 1, 1920, when work was abandoned on the well then being drilled, or, say, on October 1, 1920. The extension to January 1, 1921, was therefore of 61 days. Eight dollars actual value plus a speculative value vastly greater was a serious price for this extension—especially

that the lessee had already drilled one well, so that the lessee could afford to be liberal in the matter of so short an extension. The parties evidently considered that this price was serious.

[3] A derrick was erected in December, 1920, and between that date and January 12, 1921, some ditching was done and a slush pit dug; but nothing was done thereafter except the hauling of some cordwood until April 4, 1921, when, the field having become a proven field through the work of other parties, active operations were resumed.

By the terms of the lease the work had to be "continued with reasonable diligence." The hauling of cordwood could hardly be said to have been continuing the work with reasonable diligence even if it had been the work of the lessee, and it can hardly be said to have been such, as it was discontinued because the man who was doing it, and to whom the wood belonged, ceased, for the reason that he doubted whether he would be paid. The fact is the evidence goes far towards showing, if it does not actually show, that for lack of funds the Haynesville Oil Company had abandoned the enterprise altogether.

The assignment of the lease to the defendant Lawhon was made on the 7th of April, 1921, three days after the serious resumption of work, and some time after the lease had been suffered to lapse for lack of reasonable continuation of the work.

[4] Defendant contends that it was incumbent on plaintiff to put the Haynesville Oil Company in default when plaintiff saw that the work was not being continued with reasonable diligence. We do not think so. There was nothing the said company could have been put in default about, as there was no obligation on its part to do anything. There was only a right on its part to prolong the existence of the lease by doing a certain specified thing within a certain speci-

fied time, or to let the lease run out by not doing that thing.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that there now be judgment annulling the lease executed by the plaintiff in favor of N. M. Hyde on October 24, 1919, and assigned by the latter to the Haynesville Oil Company, and by the latter to the defendant, Z. R. Lawhon, as well as the extension thereof dated September 24, 1920, and ordering canceled the recordations of said lease and extension in Conveyance Books 15, p. 634, and 24, p. 73, of the clerk's office of the parish of Claiborne, of the following described property: S. E. ¼ of S. E. ¼ of section 33, Township 23 North, Range S West, parish of Claiborne, containing 40 acres—and that defendant pay the costs of this suit.

O'NIELL, J., dissents.