(90 South. 674)

No. 24842.

## McEACHERN v. LAWHON.

(Jan. 2, 1922. Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

Estoppel ⊜78(1)—An agreement signed by plaintiff as director of a corporation held not to preclude suit to cancel oil and gas lease; "holdings of company."

Plaintiff, as lessor, suing to cancel as lapsed an oil and gas lease which had been assigned to defendant by a sublessee, a corporation, *held* not estopped to sue by an agreement signed by him as member of board of directors of sublessee whereby the corporation authorized its president to make leases and assign "holdings of company," and by virtue of the agreement president leased to defendant a large tract of land, including the tract on which lease in suit was given, "holdings of company" not including lease which had lapsed at time agreement was executed, and the tract in litigation not being more valuable than other tracts involved in the leases.

Monroe, C. J., and O'Niell, J., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by W. T. McEachern against Z. R. Lawhon. Judgment for defendant, and plaintiff appeals. Judgment set aside, and judgment rendered for plaintiff.

T. H. McEachern, of Homer, and Foster, Looney & Wilkinson, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

PROVOSTY, J. This case was consolidated with that of M. H. Talley v. Lawhon, 90 South. 427,[1] this day decided. Like this other suit, it involves the questions whether a certain oil and gas lease made to Hyde and transferred by him to the Haynesville Oil Company, and by this company to defendant, was potestative on the part of the lessee, and whether it has terminated. For the reasons assigned in this other suit (the facts, name, amounts, and description of property changed, being the same), the lease is held not to have been potestative, but to have terminated.

A defense is made in the present case which was not made in the other. It is that of estoppel, based on the fact that the plaintiff joined the six other members of the board of directors of the Haynesville Oil Company in signing the following document:

"Haynesville, La., April 1, 1921.

"We, the undersigned members of the board of directors of the Haynesville Oil Company, Inc., hereby authorize S. L. Richie, president, to enter into any contract he may see fit with the Church-Burton-Feiffer Syndicate, or to any other person, firm or corporation, to drill an oil or gas well on the holdings of said company in Claiborne parish, Louisiana, and we hereby authorize him to assign to said syndicate any portion of the holdings of said company he may see fit as compensation for the drilling of said well.

"We hereby confirm and ratify any contract the said S. L. Richie may make in furtherance of the purposes herein expressed.

"[Signed]   J. D. Coleman, M. D.
  "J. P. Whatley.
  "T. J. Drewett,
      "By C. I. Humphries.
  "J. D. McGee.
  "W. T. McEachern.
  "J. F. Gibson.
  "S. N. Thomas."

---

[1] Ante, p. 25.

Six days later, on April 7, 1921, the Haynesville Oil Company, through its said president, executed a document in which in consideration of $100, it assigned to the defendant a number of oil and gas leases described in the act as follows:

"A certain oil, gas, and mineral lease acquired from W. T. McEachern October 24, 1919, on the E. ½ of the N. W. ¼, less 10 acres on the north side, and the E. ½ of the E. ½ of W. ½ of the N. W. ¼ Sec. 2, Tp. 22 N., R. 8 W., the N. ½ of the S. E. ¼ of the S. E. ¼ and S. ½ of N. E. ¼ of S. E. ¼ Sec. 34, T. 23 N., R. 8 W., less 20 acres sold to J. F. Gibson, located in the N. E. corner of the N. W. ¼ of the N. W. ¼ T. 22 N., R. 8 W. containing 110 acres.

"A certain oil, gas, and mineral lease acquired from Hugh Talley October 24, 1919, on the S. E. ¼ of S. E. ¼ Sec. 33, T. 23 N., R. 8 W., containing 40 acres.

"A certain oil, gas, and mineral lease acquired from Joe E. Meeks October 24, 1919, on the S. E. ¼ of the N. W. ¼ and the S. ½ of the N. W. ¼ of N. W. ¼ in section 3, containing 60 acres, and a certain tract of land, beginning at the N. E. corner of T. M. Haremore place in the N. W. ¼ of N. W. ¼ and running west to J. E. Meeks' eastern boundary line, thence north to the old Haynesville-Dykesville road; thence east to I. L. Patrick's line; thence south along the line to starting point, containing 10 acres; also 30 acres on the west side of the S. W. ¼ of N. W. ¼ adjoining the above-named 10 acres on the north, all in section 2, T. 22 N., R. 8 W., containing in all 110 acres.

"A certain oil, gas, and mineral lease acquired from R. W. Coree October 24, 1919, on the E. ½ of the S. W. ¼ of N. W. ¼ and 22 acres on the west side of S. E. ¼ of N. W. ¼ Sec. 3, T. 22 N., R. 8 W., and the N. W. ¼ of the S. W. ¼ of section 3, and the N. E. ¼ of the S. E. ¼ of section 4, and the W. ½ of the S. W. ¼ of the N. W. ¼, Sec. 3, T. 22 N., R. 8 W. containing 142 acres.

"A certain oil, gas, and mineral lease acquired from J. N. Kendrick et al. October 24, 1919, on the N. E. ¼ of S. E. ¼ and the N. W. ¼ of S. E. ¼ and the S. E. ¼ of N. W. ¼ Sec. 35, T. 23 N., R. 8 W. less 9 acres lying south of the old Haynesville-Dykesville road, in the S. W. corner of the S. E. ¼ of said section containing 91 acres, and being a portion of the mineral leases assigned to the said Haynesville Oil Company, Inc., by N. M. Hyde on the 15th day of March, 1920."

The lease in litigation was here transferred; but only as one of several leases covering a large acreage, and these were only "a portion of the leases assigned by N. M. Hyde to the Haynesville Oil Company"; and it will be noted that the above-transcribed authorization to the president of the said company did not mention any particular leases, but only gave authority to enter into a contract, and to assign "any portions of the holdings of said company." Nothing shows that the acres embraced in the lease in litigation were more valuable for oil and gas than the hundreds of other acres embraced in the several other leases.

While the acts of a person in a representative capacity may in certain cases estop him individually (Folger v. Palmer, 35 La. Ann. 743), we see no positive reason why the signing of the said document by plaintiff should debar the present suit. It was not necessarily an authorization to transfer this particular lease or any leases that had lapsed, and therefore were no longer among the holdings of the company, which holdings alone the plaintiff authorized the transfer of. The case is different from what it would have been if the plaintiff himself had executed the act of transfer; for then his conduct would have amounted to a representation of the continued existence of the lease.

The judgment appealed from, which was in favor of defendant, is therefore set aside, and it is now ordered, adjudged, and decreed that the plaintiff, W. T. McEachern, have judgment against Z. R. Lawhon, annulling the lease executed by the said plaintiff in favor of N. M. Hyde on October 24, 1919, and assigned by the latter to the Haynesville Oil Company, and by the latter to the defendant, and ordering the cancellation of the inscription of said lease in the records of the clerk's office of the parish of Claiborne, as appearing on page 632 of Conveyance Book No. 18, and annulling also the extension of said lease

dated December 15, 1920, and ordering the cancellation of the inscription of said extension in the records of the clerk's office of said parish, as appearing on page 316 of Conveyance Book No. 24, and that the defendant pay the costs of this suit.

MONROE, C. J., and O'NIELL, J., dissent.