ST. PAUL, J.
 

 On January 21, 1920, plaintiffs leased to defendant, for oil and gas purposes, a certain 200 acres of land in Bossier parish, said lease to continue as long as oil ór gas should be produced in paying quantities.
 

 In Smith et al. v. Sun Oil Co., 165 La. 907, 116 So. 379, we held that up to the filing of that suit the land was producing oil in paying quantities, and accordingly the lease had not expired at that time. This is a suit to declare that the lease has since expired because the land is not now producing oil or gas in paying quantities.
 

 It is admitted that no oil whatever has been produced from the land since September, 1926, but it is contended that the land is still producing gas in paying quantities.
 

 The facts are that defendant has upon the land two shallow gas wells, capable (perhaps) of producing from half a million to a million feet of gas per day. But the fact is that there is no market for said gas, that the .only 'gas used from said wells was a few hundred thousand feet which were used by the driller of said well, who, however, had ample gas of his own on some adjoining land, which gas he used to fire his boilers, meanwhile cutting off his own gas.
 

 We are of opinion that the lease has now ceased to produce either oil or gas in paying quantities. Where the output of a gas well either cannot be, or in fact is not, disposed of, the well cannot be said to be a paying proposition either for the owner of the land or for the owner of the well; and, where a well has ceased to be a paying proposition for any one concerned, it has clearly ceased to produce gas in paying quantities. We think the lease has expired by its very terms. Cf. Caldwell v. Alton Oil Co., 161 La. 139, 108 So. 314.
 

 It is argued that under section 9 of the lease it cannot be forfeited except after judicial determination on the grounds for forfeiture and an opportunity given the lessee to save the lease. But, whatever may be the effect of such a clause, when it comes to a question of whether or not a lease has been
 
 *658
 
 forfeited for noncompliance with its provisions, nevertheless such clause has no bearing whatsoever on this case, where the sole inquiry is whether or not the lease has expired and terminated by its own terms; no more, in fact, than if the lease had expired on a fixed date instead of an uncertain date. In the one case the sole inquiry would be whether that date had arrived, and in the case the sole inquiry would be whether the event has happened which fixes the uncertain date. In neither case would there be any question of forfeiture.
 

 The trial judge found for the plaintiffs, and his judgment is correct.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.