BRUNOT, Justice.
 

 The plaintiff sues, upon a contract, for a judgment decreeing it to be the owner of and sending it into possession of the property described in the petition. Plaintiff bases its demands upon the allegation that the annual license fee, stipulated in the contract, has not been paid for the years 1931, 1932, and 1933, notwithstanding amicable demand has been made therefor. The defendant Berenson Brothers, assignee of the Pine Tree Amusement Company, Inc., answered the suit, and by way of reconvention demanded the rescission of the contract and the return of the price stipulated therein. There was judgment in the court below dismissing the plaintiff’s demand and in favor of Berenson Bros., on their reconventional demand, setting aside the contract and awarding the said defendants, in re-convention, a judgment against the plaintiff for $4,975, with legal interest thereon from the date of the judgment, together with the
 
 *532
 
 ■costs of the suit. From this judgment the plaintiff appealed.
 

 The case is fully and accurately stated in the written opinion of the trial judge, from which we quote, with approval, the following:
 

 “On February 3, 1930, the plaintiff company entered into an agreement with' the defendant Pine Tree Amusement Company, Inc., by which the plaintiff company agreed to deliver and install in the Redwood Theater, then owned by the said Pine Tree Amusement Company, Inc., exclusive right and license to use the said equipment in said theater in Bogalusa, La. The license fee for the use of said equipment was fixed at the total sum of $4,-975, which was -to be paid on the basis of $750 by the time or shortly after the equipment was installed and the balance of $4,225 was to be paid in 23 monthly installments bearing interest at 6 per cent, per annum plus an annual fee of $50 due one year' from the date of the contract, and annually thereafter.
 

 “The Pine Tree Amusement Company, Inc., agreed to pay all charges for installing the ■equipment1 and to pay for all repairs and parts necessary during its operation, as well as insurance premiums 'and taxes' that might become due thereon. The Pine Tree Amusement Company w'as also to bear all risks, loss, and damages to the equipment, and it' was agreed that title to the equipment was to remain in the plaintiff company. The license was granted:'for a period of ten years, but it was agreed that the plaintiff company would have a right to terminate the license and retake possession of the property in case the said Pine Tree Amusement Company went into bankruptcy, failed to pay any sums specified in the agreement, or removed the equipment to any other place without the consent of the plaintiff company. In such case it was agreed that all amounts paid up to that time would be retained by the plaintiff company.
 

 “In December, 1930, before all the installments were paid by the Pine Tree Amusement Company, Inc., the said company sold to Berenson Bros, the Redwood Theater, including all of the equipment described in the above contract, and in said sale Berenson Bros, assumed the payment of the balance due on said equipment.
 

 “The plaintiff company brings this suit to recover possession of said equipment on the ground that the annual license fee of $50 was not paid for the years 1931 and 1932, and 1933, and the plaintiff asks that Berenson Bros, be ordered to deliver * * * up and surrender possession of said equipment to it. The answer of Berenson Bros, is to the effect that said agreement was intended to be and was in fact a sale of said equipment from plaintiff company to the Pine Tree Amusement Company, Inc., whose title was duly transferred to Berenson Bros, in December, 1930, in the transfer from the Pine Tree Amusement Company, Inc., to Berenson Bros, hereinabove referred to. The defendant Berenson Bros, also claim in their answer that the full amount of the balance of the installments was paid to plaintiff company in September, 1931, and a full release and discharge was given by the plaintiff company on account of said equipment. Berenson Bros, also claim that the plaintiff company agreed to repair and put in proper order the- said equipment, but failed to do so. That said equipment was defective and the plaintiff company was requested from
 
 *534
 
 time to time to repair and put said equipment in proper order but that it failed to do so and by reason of the defects in said equipment, * * * Berenson Bros, asked that the sale be rescinded and set aside, and that they be permitted to recover the total amount of the purchase price of $4,975, together with damages caused by expenses incurred in attempts to repair the equipment, and loss of patronage in connection with the operation of the Redwood Theater.
 

 “The contract was to have effect in Louisiana and therefore must be construed under and governed by the laws of this state.
 

 “It is clear that the first * * * question to determine is whether or not the contract between the plaintiff company and Pine Tree Amusement Company was a license or lease whereby the title to the property remained in plaintiff company, or whether the effect of the contract was a sale of the equipment described in the contract from plaintiff company to thé Pine Tree- Amusement Company, Inc. In order to determine the legal effect of this contract, the intentions of the parties must be ascertained. It will be noticed that the Pine Tree Amusement Company was given practically all the rights of an owner and the total sum of $4,975 represented apparently a fair .value for. the property sold. -This amount was payable within a period of two years and the installments bore interest from date, yet the total period of the so-called license for the use of the equipment was-ten years at which time it is reasonable to assume that the equipment would practically have served its usefulnéss, It is evident from the terms of the contf ¿cf, considered in connection with the use of the equipment, that, it was the intention of .the parties that when the total amount of $4,975 was paid that the Pine Tree Amusement Company, Inc., was to be the owner of the equipment, subject perhaps * *■ * only to-the payment of a royalty of $50 per year to cover a patent right. When this contract is viewed from, all angles and when its manifest purpose is considered, it can be classified in no other way than a sale of the equipment by the plaintiff company to the Pine Tree Amuse; ment Company, Inc., and the form in which the language is couched is merely an effort on the part of the plaintiff company to secure the purchase price and the annual royalty of $50. Our courts have uniformly held that contracts of this nature are to be construed as contracts of sale and have the effect of sales under the laws of this state. In the following cases contracts of a rather similar nature were construed as sales and the titles to the property described in the contract- was held to vest in the purchaser who was termed a lessee in the contract: Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454; Graham Co. v. Nu Grape Bottling Co., 164 La. 1103, 115 So. 285; Barber Asphalt Paving Co. v. St. Louis Cypress Co., 121 La. 152, 46 So. 193.”
 

 Being of the opinion that the contract was a sale, the Pine Tree Amusement 'Company could convey its title to Berenson Brothers. Moreover, the plaintiff dealt with Berenson Brothers as assignee of the Pine Tree Amusement Company. It entered into a compromise agreement' with Berenson Brothers; in which all sums due the plaintiff by the Pine Tree Amusement, Company.were settled by said assignees, and secured from - the plaintiff a release of the annual license fee of $50. .
 

 
 *536
 
 The only. question that is presented is whether or not Berenson Brothers, under the circumstances disclosed by the record, can rescind the sale made to its vendor, for redhibitory defects in-the thing sold.
 

 The evidence is conclusive that the Pine Tree Amusement Company had full knowledge of the defects now complained of by its assignee, long before its assignment to Berenson Brothers. It is true that it fought to have these defects remedied, but when the conveyance was made to Berenson Brothers, the record does not disclose that" the assignee was informed of them. Under the circumstances, if the assignee has been imposed upon he must look to his vendor for relief.
 

 For the reasons stated, the judgment appealed from is affirmed in so far as it dismisses .the plaintiff’s suit at its cost, and it is reversed in all other respects. The costs .of the appeal to be paid by appellee.