### McINNIS v. DANCIGER OIL & REFINERIES, Inc.

### No. 9668.

Circuit Court of Appeals, Fifth Circuit.

April 29, 1941.

Rehearing Denied May 31, 1941.

Fred G. Benton and Warren O. Watson, both of Baton Rouge, La., for appellant.

Victor A. Sachse, of Baton Rouge, La., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Mrs. Ella O. McInnis, of Baton Rouge, Louisiana, executed an oil and gas lease to W. H. Strong, an employee of the Danciger Oil & Refineries, Inc., of Fort Worth, Texas. After entering upon the land and making preparations for drilling, appellee failed to drill a well thereon, and abandoned the leased property. Appellant brought this suit for damages for alleged breach of the lease contract in failing to drill. This appeal is from a judgment dismissing the complaint for failure to state a cause of action upon which relief could be granted.

The construction placed upon certain portions of the lease contract, which was an exhibit to the complaint, is determinative of this case. The lease provided that the lessee, in consideration of the lease, should drill a well to a certain depth within a certain time, which drilling should be the consideration for the lease and should be full consideration for every right granted; it further provided that, in the event the lessee failed to drill and complete said well, the lessee should forfeit his right, title, and interest in the lease, and the same should immediately revert to the lessor without further liability of either party.[1]

Appellant contends that the parties understood these provisions to mean that if appellee failed to begin any operations at all, then the lease would be forfeited, but if it commenced the drilling operations to any extent, then the lease imposed an unconditional obligation upon the lessee to complete the drilling to the required depth with due diligence. Appellee says that, by the plain terms of the contract, the consideration for the lease was the drilling of the well to a certain depth within a certain time, or the drilling and completion of

---

[1] "In the event Lessee fails to drill and complete said well, as above provided, Lessee shall forfeit all of his right, title and interest in and to said Lease and the same shall immediately revert to Lessor without further liability of either party, * * *"

the well; that this was a potestative condition the non-fulfillment of which nullified the lease as a contract binding upon any one.

Whether or not the contract contained a potestative condition which was never satisfied and the contract failed of force and effect thereby, we think it is clear that no recovery can be had thereon. If the lease contract did become valid and binding, and obligated the lessee not only to drill but also to complete said well as agreed, and if appellee's failure to do so breached the contract as claimed, still the appellee is not liable to respond in damages other than the forfeiture of the lease, because the lease itself stipulated that penalty only for its breach. The recovery of money damages was specifically contracted against by the provision requiring the lessee, upon failure to perform the drilling requirements imposed, to forfeit all of his right, title, and interest in the lease, which lease would then revert to the grantor *without further liability of either party*. This sentence is entirely free from ambiguity, and must be accorded the meaning clearly expressed.

Affirmed.