29 So.2d 67

## NOXON v. UNION OIL CO. OF CALIFORNIA et al.

No. 37963.

Dec. 13, 1946.

O. H. Deshotels, Jr., of Abbeville, for plaintiff and appellant.

Walter B. Gordy, Jr., of Abbeville, for defendants-appellees Elizabeth Fuchs, Opha Choate, and Effie Choate.

Liskow, Lewis, Gerard & Shepard, of Lake Charles, for defendant-appellee Union Oil Co. of California.

PONDER, Justice.

The plaintiff appeals from a judgment dismissing his suit on exceptions of no right and no cause of action.

On September 4th and 5th of 1941 the plaintiff obtained from the various de- fendant landowners oil, gas and mineral leases covering lands situated in the parish of Vermilion. These leases were never recorded by the plaintiff. On October 27, 1941, the defendant landowners executed. oil, gas and mineral leases covering the same lands to the defendant leaseholder, which were timely recorded. The plaintiff is seeking in this suit to recover from the defendant leaseholder and landowners, dam- ages in the amount of $83,000 for the loss of his lease rights.

Copies of the plaintiff's leases are at- tached to and made part of his petition. Under the terms of these leases he agreed to commence drilling operations in search of oil, gas or other minerals on or before March 10, 1942. It is stipulated therein that the failure on the part of the lessee to comply with the drilling obligations shall ipso facto terminate the leases in toto, re- leasing all parties from further obligation thereunder. · The contracts do not recite, and the plaintiff does not allege, that a cash consideration was given for the exe- cution of the leases.

The plaintiff's agreement to drill is. not a binding obligation, for the only pen- alty for his failure to do so would be the loss of his leasehold rights. The execution of such an agreement on the part of the plaintiff depended solely on his will, and is void under the provisions of Articles 2024 and 2034 of the Revised Civil Code.

This Court has on numerous occasions held that a drilling contract of this nature,

without consideration, that provides no penalty for the failure to drill except the loss of the lessee's rights, is a nullity and unenforceable. Martel v. Jennings-Heywood Oil Syndicate, 114 La. 351, 38 So. 253; Murray v. Barnhart, 117 La. 1023, 42 So. 489; Raines v. Dunson, 145 La. 525, 82 So. 690; Wilder v. Jackson, 150 La. 864, 91 So. 245; Leiber v. Ouachita Natural Gas & Oil Co., 153 La. 160, 95 So. 538.

The plaintiff's cause of action is based on the ground that he lost his leasehold rights through a conspiracy entered into between the defendants, whereby they misled him and he did not record his lease. In view of the fact that the plaintiff's leases are not binding obligations, it is not necessary for us to consider this question for the reason that the parties to the agreements were at liberty to withdraw from them at will.

The plaintiff contends that he had partially performed the contract by having certain exploratory work made, resulting in a definite indication of valuable mineral deposits under the land. It is provided in the plaintiff's leases that drilling operations shall be deemed commenced whenever the first material is placed on the land or work begun. Evidently this contemplates materials to be used in drilling or the commencement of drilling. The parties, having stated what is to be considered the commencement of performance under the contract, are bound thereby. If exploratory work was to have been considered the com-

mencement of performance of the contract, they would have so provided.

For the reasons assigned the judgment is affirmed at appellant's cost.