## JOYCE v. WYANT et al.

### No. 11670.

United States Court of Appeals
Sixth Circuit.

March 23, 1953.

Robert M. Waer, Grand Rapids, Mich., and Elmo P. Lee, Jr., Shreveport, La., Harrington, Waer, Cary & Servaas, and Robert M. Waer, Grand Rapids, Mich., and Charles B. Emery, Shreveport, La., on the brief, for appellant.

Harry C. Kinne, Chicago, Ill., Kinne & Scovel, and Harry C. Kinne, Sr., Chicago, Ill., Amberg, Law & Buchen, R. Dale Law, and Niel A. Weathers, Jr., Grand Rapids, Mich., for appellees.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellant filed this action in the district court to recover damages resulting from the failure of the appellees, assignees of the lessee under an oil lease from the appellant covering land located in Caddo Parish, Louisiana, to drill three wells on the leased property. The District Judge sustained the motion of the appellees to dismiss the complaint for failure to state a cause of action, 105 F.Supp. 979, from which ruling this appeal was taken.

The material provisions of the lease which give rise to the present controversy are as follows:

"Lessor in consideration of Lessee's obligation to drill four wells on the premises herein leased as hereinafter set forth, of the royalties hereinafter provided, and of the agreements of Lessee hereinafter contained, hereby grants, leases and lets unto Lessee for the purpose of exploring, prospecting, drilling and mining for and producing oil, gas and other minerals * * *, the following described land * * *:

"The term of this lease is 60 days from date hereof and as long thereafter as Lessee complies with his obligations hereunder, and he produces oil, gas or other minerals in paying quantities from the leased premises.

"The royalties to be paid by Lessee are: * * *

"The actual consideration for this lease is that Lessee hereby obligates himself to drill four wells on the leased premises at such locations as he might choose; * * *

"Lessee shall begin actual drilling of a well, hereinafter referred to as 'initial well' on the leased premises within 60 days from date hereof. * * * Following completion of the 'initial well,' whether producer or a dry hole, Lessee shall in succession drill * * * three other wells on the leased premises within 60-day intervals following the completion of the immediately preceding well drilled by Lessee hereunder. * *

"Lessee shall have the right at any time during or after the expiration of this lease to remove all property and fixtures placed by Lessee on said land, including the right to draw and remove casing. * * *

"In case of cancellation or termination of this lease for any cause, Lessee shall have the right to retain under the terms hereof ten acres of land around each well producing such tract to be designated by Lessee in as near a square form as practicable."

The complaint set out the execution of the lease on July 6, 1950, the completion of the initial well on or about August 22, 1950, and the failure of the appellees up to November 6, 1950, to begin the drilling of a second well and their refusal thereafter to drill the second well, on the ground that the initial well produced insufficient oil to make further operations profitable.

In support of the motion to dismiss, appellees contended that the lease expired by its terms following the expiration of 60 days after the completion of the first well, during which time there was no production of oil, gas or other minerals in paying quantities from the leased premises, with the result that there was neither the right nor the obligation upon their part to drill the remaining three wells. Appellant contended that there was a contract obligation on the part of the appellees to drill the remaining three wells, even though the first well proved unproductive. The trial judge upheld the contention of the appellees. For a more detailed statement of the lease provisions and the reasons of the District Judge for sustaining the motion, see Joyce v. Wyant, D.C., 105 F.Supp. 979.

It appears to be the well settled rule in oil and gas leases that a lease containing a definite primary term, with the provision that the lease will terminate at the end of such term *unless* the lessee or his assignee performs some additional act provided by the lease, such as the payment of money or additional drilling, does not place a binding duty upon the lessee to do anything. Such a lease is usually described as an "unless" lease. The "unless" clause is regarded as a limitation on the lessee's estate or the period of the grant. Unless the lessee per-

forms the additional act, which he is not obligated to perform, the lease automatically terminates at the expiration of the primary grant. Such a lease is distinguished from the so-called "or" lease where the lessee is obligated either to drill a well or pay rental, and can be held in default upon failure to do so. Gloyd v. Midwest Refining Co., 10 Cir., 62 F.2d 483, 485; McCrabb v. Moulton, 8 Cir., 124 F.2d 689, 691; Le Rosen v. North Central Texas Oil Co., 169 La. 973, 126 So. 442; See Annotation, 67 A.L.R. 223-230.

■ The lease under consideration in this case provides for a definite primary term of 60 days, without use of either the "or" provision or the "unless" provision with respect to an extension thereafter. Instead it uses the phrase "and as long thereafter as Lessee" performs certain acts. The District Judge construed it as an "unless" lease. Appellant contends that it is not an "unless" lease, relying chiefly on the fact that the term "unless" is not used. The contention has but little merit. The District Judge recognized that it was not the typical "unless" lease, in that the term "unless" was not used, but held that it fell within that classification in that the legal effect of the lessee's failure to drill within the prescribed time was the same as under the usual form of an "unless" lease. Logan v. Tholl Oil Co., 189 La. 645, 180 So. 473; Smith v. Sun Oil Co., 172 La. 655, 135 So. 15; Talley v. Lawhon, 150 La. 25, 90 So. 427. In Parten v. Webb, 197 La. 197, 1 So.2d 76, 77, the lease was for a term of five years and as long thereafter as oil or gas be produced from the land. The Court said: "After the primary term of a mineral lease has expired and there is no production, or not enough thereon to keep it alive, the lease simply lapses according to its own terms." The parties agree that the law of Louisiana is the applicable law. Cockburn v. O'Meara, 5 Cir., 141 F.2d 779; General Talking Pictures Corp. v. Pine Tree Amusement Co. Inc., 180 La. 529, 156 So. 812.

Appellant contends, however, that the habendum or term clause, which was given strong consideration by the District Judge, relying partly upon J. J. Fagan & Co. v. Burns, 247 Mich. 674, 679, 226 N.W. 653, 67 A.L.R. 522, is in conflict with other provisions of the lease which state that the actual consideration for the lease is the lessee's obligation to drill four wells and which require the other three wells to be drilled even though the initial well proves to be a dry hole. Appellees attempt to reconcile the apparent inconsistency. If such an inconsistency exists it results in requiring a construction of the lease in the light of all of its provisions. The logical way to have provided for the effect now contended for by appellant would have been to have made the primary term of sufficient length to cover the sixty-day intervals between the successive drillings. The relatively short primary term of 60 days, during which only one well was required to be drilled, the provisions pertaining to termination of the lease without any provision for liability on the part of the lessee for failure to drill the remaining wells, the right in the lessee to remove all property placed by him on the land, including the removal of casing, at any time during the lease, and his right to retain ten acres of land around a producing well in the event of the cancellation of the lease "for any cause" lead us to the same conclusion as was reached by the District Judge. As pointed out in Logan v. Tholl Oil Co., supra [189 La. 645, 180 So. 475], where the lease contained an "as long as" clause, the main consideration for such a lease is the development of the land for oil, gas and the obligation on the part of the lessee is either to develop with reasonable diligence or give up the lease.

The District Judge based his ruling partly upon the case of Fogle v. Feasel, 201 La. 899, 10 So.2d 695, where the factual situation was very similar to the present case. Appellant contends that the ruling is more closely controlled by the case of Fite v. Miller, 192 La. 229, 187 So. 650, 122 A.L.R. 446, and 196 La. 876, 200 So. 285.

■■ While the ruling in Fogle v. Feasel, supra, was based upon two separate grounds, one of which is not applicable to the present case, it is nevertheless also an authority on the other point, which is the point in issue here. Union Pacific R. Co. v. Mason City Co., 199 U.S. 160, 166, 26 S.Ct. 19, 50 L.Ed. 134.

866

We recognize that there were certain forfeiture provisions in the lease in that case, upon which the Court relied, which are not present in this case. That factual difference does not invalidate the rule which the Court relied upon in reaching its conclusion, namely, that the various provisions of the lease, considered in their entirety, indicated that the only penalty contemplated by the parties for the violation of any of the provisions of the lease was that in such event the lease was to become null and void. In our opinion, the provisions in the present lease, considered in their entirety, do not indicate an intention to hold the lessee liable for damages upon failure to drill.

In the case of Fite v. Miller, supra, the principle question before the Court was one of damages, not a construction of the lease. As shown by the opinions in that case, the Court referred several times to the unconditional obligation on the part of the lessee to drill the well which he refused to drill. No question seems to have been raised about the existence of such an obligation under the terms of the lease. The opinions do not set out the literal provisions of the lease, but appellant has undertaken to supply us with the information that the lease contained provisions as to its duration which were similar to the provisions of the lease in the present case, in that it was a lease for a term of five years "and as long thereafter as oil, gas or other mineral is produced. * * *" However, we gather from the opinion, although not definitely stated, that the obligation to drill came into existence during the primary term of five years, making it unnecessary for the Court to construe or to give any effect to the "as long thereafter" provision. In any event, it is not discussed. In the present case it is the legal effect of such a phrase that determines whether there was an obligation to drill on the part of the lessee after the expiration of the primary term, which is the real question involved. We are of the opinion that the District Judge was correct in considering the ruling in Fogle v. Feasel, supra, more applicable to the present case than the ruling in Fite v. Miller, supra.

The judgment is affirmed.