**BLAND et al. v. BARKALOW.**
Civ. A. No. 4240.

United States District Court
W. D. Louisiana, Monroe Division.

Dec. 23, 1953.

Shotwell & Brown, Monroe, La., for plaintiffs.

Hunt & Morris, Rayville, La., for defendant.

DAWKINS, Jr., Chief Judge.

Plaintiffs, as the sole heirs of Mrs. May Pauline Reddell Smith, now deceased, sue defendant for $12,000 on an alleged breach of obligations they say he assumed in an oil, gas and mineral lease dated January 11, 1949.

On that date, Mrs. Smith executed the lease in favor of defendant, covering the following described property in Caddo Parish, Louisiana:

Five (5) acres in a square in the Northeast Corner of the Northeast Quarter of the Southwest Quarter (NE¼ of SW¼) of Section 36, Township 21 North, Range 15 West, LESS the rights of way of the K. C.S. Railroad and Public Road.

A certified copy of the lease, which was on a standard printed form, shows its primary term to have been "150 days from this date". It also contained the following clause:

"Lessee agrees to commence the drilling of a well in search of oil, gas or other mineral, on the leased premises, on or before one hundred and fifty (150) days from date hereof, and to pursue operations and

**2**

drilling with due diligence to completion of said well or abandonment thereof as a dry hole.

"The rights herein granted shall extend to a depth of not more than three thousand feet from the surface of the above described land."

In place of the usual provision for delay rentals, the parties to the lease substituted this proviso:

"4. If operations for drilling are not commenced on said land on or before one hundred fifty days from this date, the lease shall then terminate."

Articles 8, 9, 10 and 11 of the complaint, as amended, read as follows:

"8. That according to the lease contract, lessee obligated himself to commence the drilling of a well in search of oil or gas on the leased premises on or before One Hundred Fifty (150) days from the date of said lease and to pursue said drilling operations with due diligence to the completion of said well or abandonment thereof as a dry hole. The lease contract further provided that the rights granted extended to a depth of not more than Three Thousand (3,000') feet all of which will be more fully shown by reference to the certified copy of said lease, attached hereto and made a part hereof.

"9 That by virtue of the obligation referred to in the preceding paragraph, the defendant was required to drill a well with due diligence to a sufficient depth to test the possibility of obtaining production from all possible producing horizons lying between the surface and the depth to which his rights extended; there are three (3) possible producing horizons lying within the depth leased by defendant, the deepest of which being found at approximately Twenty-Seven Hundred (2700') feet; the defendant failed to drill a well to any depth on leased premises and thereby breached his contract with plaintiffs' predecessor in title, which breach forms the basis for this action.

"10. That plaintiffs, by virtue of inheritance, have succeeded to all rights of action and claims for damage which Mrs. May Pauline Reddell Smith had against the defendant by virtue of the breach of the contractual obligations imposed upon him and as a result of said breach, plaintiffs' predecessor in title was damaged in the amount of Twelve Thousand and No/100 ($12,-000.00) Dollars, being the amount that would have been expended by defendant in the drilling of the well contracted for.

"11. That plaintiffs are entitled to a judgment in the full sum of Twelve Thousand and No/100 ($12,-000.00) Dollars against the defendant with legal interest thereon from the last date provided for in said lease for the commencement of the actual drilling of a well."

Defendant has moved to dismiss the complaint as failing to state a claim upon which relief can be granted. Plaintiffs, in opposition, rely upon Fite v. Miller, 1939, 192 La. 229, 187 So. 650, 652, 122 A.L.R. 446, and contend that case is authority sustaining their right to recover the damages they claim.

We do not agree. In the Fite case, although there was no discussion of details as to the exact nature of the lessee's drilling obligation, the court based its decision upon the conclusion that there was an *unconditional* obligation to drill.[1]

1. The following quotations from that case show this clearly:

"The plaintiff, in his petition, calls attention to the fact that, by the terms of the contract, the obligation of the defendant, Miller, to drill a well on the southern 10-acre tract was *unconditional*, and not dependent upon whether the well to be drilled on the northern 10-acre tract should be a producer or a dry hole. * * *

"The loss which Fite sustained in this

Here there was no such unconditional obligation. Defendant, although authorized to drill as deep as 3,000 feet, was not obligated to drill to any specified depth. Drilling to any depth, or abandonment of operations at any level, down to the maximum, was permitted, and to be decided by defendant alone, at his discretion. If he failed to drill within 150 days, as was the case, then by its terms the lease ended. All rights he may have possessed under the lease were then forfeited. No penalties for failure to drill, other than forfeiture, were stipulated.

Hence, this case falls within the rule announced in McInnis v. Danciger Oil & Refineries, Inc., 5 Cir., 119 F.2d 720, and other similar cases[2], to the effect that where an oil, gas and mineral lease provides, as the only penalty for failure to fulfill a conditional drilling obligation, that the lease shall be terminated or forfeited, there can be no recovery of damages (based upon the amount it would have cost to drill) by the lessor against the lessee who fails to drill.

The motion to dismiss is good. It is sustained.

Proper decree should be presented.

instance was the loss of the chance or prospect which he would have had of being enriched if Miller had fulfilled his contract. The mere chance or prospect of being enriched by the drilling of a well in search of oil or gas is, of itself, a thing of value; and hence an *unconditional* obligation on the part of a lessee to drill a well on the leased premises *to a given depth* and within a specified time is a sufficient consideration for a valid contract of lease, or for a valid assignment by a lessee of an interest in his leasehold. It was so held in Glassell v. Richardson Oil Co., 150 La. 999, 91 So. 431, where the obligation of the lessee to drill certain wells was unconditional, and where the court distinguished the case from Raines v. Dunson, 145 La. 525, 82 So. 690, in which case there was *no absolute obligation* on the part of the lessee to drill a well, and in which case there was **no**

other consideration paid or to be paid by the lessee, and hence the *contract was unilateral*, or affected by a *potestative* condition. In this case, where the obligation of Miller to drill the well to the depth specified, on the southern 10-acre tract, was *an absolute and unconditional obligation*, and where the carrying out of the obligation was paid for by Fite, it cannot be said that Miller was at liberty to violate his obligation with inpunity, on the theory that to fulfill the obligation might not have been of any benefit to Fite." Emphasis supplied.

2. Joyce v. Wyant, 6 Cir., 1943, 202 F.2d 863; Cockburn v. O'Meara, 5 Cir., 1944, 141 F.2d 779; Noxon v. Union Oil Co. of California, 1946, 210 La. 1074, 29 So. 2d 67; Fogle v. Feazel, 1942, 201 La. 899, 10 So.2d 695.