(131 So. 462)

KODEL RADIO CORPORATION v. SHULER.
No. 30319.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Monroe & Lemann and J. H. Morrison, Jr., all of New Orleans, for appellant.

McGiehan, Strauch & Gardiner, of New Orleans, for appellee.

O'NIELL, C. J.

This is a suit on an account, for the price of a lot of radio receiving sets sold by a manufacturer to the defendant, who is a retail dealer in radios. He returned the sets to the radio corporation, claiming that they were defective in construction and were not suited to this climate. The corporation refused to receive the radios, claiming that certain stipulations printed on the back of the invoices relieved the company from liability except on claims made within twenty days after receipt of the goods. The suit was for $2,736.62. The defendant admitted in his answer that he owed $566.67 for accessories, but set up a reconventional demand for $631.51 for freight and drayage, advertising, and other expenses, which he alleged he had incurred in receiving, handling, and returning the radios; hence he prayed for judgment against the corporation for a balance of $69.84. The defendant afterwards filed a supplemental answer, claiming $966.60 damages for loss of profits; but, on the objection of plaintiff's counsel, the judge refused to hear evidence in support of the claim for damages, on the ground that there was no showing of bad faith on the part of the plaintiff in representing that the radios would function in the climate in which they were to be sold and used. The case was tried by a jury, the result being a verdict and judgment for the plaintiff for $1,636.51, and a judgment for the defendant on his reconventional demand for $636.51; the net result and effect being a judgment in favor of the plaintiff for exactly $1,000, with legal interest from judicial demand. The plaintiff has appealed from the judgment, and the defendant, answering the appeal, prays that the case be remanded for the hearing of evidence on his reconventional demand for damages, and, in any event, that the judgment in favor of the plaintiff be annulled and that he have judgment against the plaintiff for $69.84.

The judge was right in his ruling that the defendant's reconventional demand for damages was not well founded, because, as far as the record discloses, the plaintiff believed, in good faith, that the radios were so constructed that they would function in the climate in which they were to be sold and used. When the seller is in good faith, not knowing of any defect in the thing sold, he is responsible only for the return of the price and the payment of the expenses occasioned by the sale or incurred for the preservation of the thing sold, if in fact it is defective or unfit for the purpose for which it was intended. Rev. Civ. Code, art. 2531. It is only in cases where the seller knew of the defect in the thing sold and failed to declare it that he is answerable in damages, as well as for the return of the price and payment of the expenses, if the thing sold is in fact defective. Rev. Civ. Code, art. 2545.

The evidence leaves no doubt that the radios which the defendant returned to the plaintiff were defective and were so unsatisfactory in their operation, because of atmospheric conditions in this climate, that it was impossible for the defendant to make a sale without having to make two or more exchanges of radios, and finally lose the prospective customer. The defendant, therefore, after making timely complaint, and giving the plaintiff ample opportunity to remedy the defects in the radios, was justified in returning them and demanding a rescission of the sale.

The plaintiff was not protected by the stipulation printed on the back of the invoices, that the seller was relieved from liability except on claims made within twenty days after

receipt of the merchandise. The defendant testified that he had never observed the stipulations, which were printed in very small type on the back of the invoices. The radios were ordered by the defendant with reference to a catalogue or prospectus, issued by the plaintiff, describing the radios, and saying: "The Kodel Radio Corporation can offer and guarantee to its dealers the most complete, salable and satisfactory line of radio merchandise in the industry." The orders for the radios were acknowledged by the corporation on its own printed forms, which did not bear any limitation or stipulation concerning the corporation's guaranty. The contract was then complete and not subject to any further stipulation by either one of the parties without the consent of the other. It is too trite a proposition to need citation of authority that a stipulation printed in small type on a letterhead or an invoice or other stationery furnished by one of the parties to a contract, and not referred to in the contract itself, or brought to the attention of the other party, has no effect against him.

There is no explanation as to why the jury gave a verdict for the plaintiff for the net sum of $1,000. Our opinion is that the defendant is not liable for any part of the price of the radios which he returned, but only for the price of the parts and accessories which he did not return, which price is admitted to be $566.67. The defendant proved his counterclaim to the extent of $513.52, for freight and drayage on the radio sets which he returned, and the cost of advertising them for sale, for which he is entitled to credit. Hence he owes the plaintiff a balance of $53.15.

The judgment appealed from is annulled, and it is now ordered, adjudged and decreed that the plaintiff, the Kodel Radio Corporation, recover of and from the defendant, William A. Shuler fifty-three dollars and fifteen cents (53.15), with legal interest from judicial demand, that is, from the 22d of May, 1926, until paid. The defendant is to pay the costs incurred in the civil district court, and the plaintiff the costs of appeal.

ROGERS, J., concurs in the decree.

THOMPSON, J., dissents from that part of the opinion which holds that defendant is not entitled to the damages claimed. The plaintiff was the manufacturer of the radios, and was therefore, charged with presumptive knowledge of the defect in the things sold. George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432.