174 So.2d 858 (1965)
Bobby WILLIS
v.
ALLIED INSULATION COMPANY, Inc.
No. 6375.
Court of Appeal of Louisiana, First Circuit.
April 12, 1965.
Rehearing Denied May 24, 1965.
*859 J. Peyton Parker, Jr., Baton Rouge, for appellant.
Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID, and BAILES, JJ.
REID, Judge.
This is a suit brought by Bobby Willis against the Allied Insulation Company, Inc., for the balance due on a contract of employment *860 under an alleged guaranteed monthly wage agreement of $450.00 a month. Plaintiff claims a balance of $300.00 with interest from judicial demand and costs.
Defendant answered, alleging that at no time was there a contract of employment between the parties because the plaintiff failed to qualify for a salary of $450.00 a month, and that he did not sign the necessary contract of employment, nor meet the requirements of making the necessary sales calls per month required for all employees.
The Judge of the Lower Court rendered judgment in favor of plaintiff and against defendant in the amount prayed for, which judgment was signed on July 20, 1964. Defendant filed a motion for a new trial which was overruled on August 3, 1964. Defendant then brought this appeal from the said judgment.
The facts show that on February 20, 1964 defendant inserted the following advertisement in the Morning Advocate, a newspaper published daily in Baton Rouge, Louisiana, to-wit:
"OPPORTUNITY KNOCKS
"WE WANT enthusiastic, ambitious men to represent us locally. Professional training program w/$450.00 monthly guarantee if qualified. Enthusiasm and ambition quickly rewarded with advancement. Be in the four figure bracket. For appointment call Mr. Johnson, 357-9756 before 1 p. m. daily."
Plaintiff came to defendant's office, filled out an application for employment and was hired as a salesman beginning February 24, 1964. He asked a young man in the office when he applied for the position whether he would receive the minimum guaranteed wage or salary of $450.00 per month and received the answer, "I guess so." He then started to work as a salesman and received for the first month commissions in the amount of $171.84. After plaintiff had worked for about two weeks during the month of April, or the second month, he was called in to the office and asked to sign a formal contract of employment. He refused to sign the contract, but continued with this employment upon the advice of counsel. He was not discharged, or was his employment terminated by his employer. He finished out the month, and on April 24, 1964 received commissions during that month totaling $417.61. He tendered his resignation, then brought this suit for $300.00, which he claims is the balance due under his contract for $450.00 a month, less the commissions paid.
The defense is that this advertisement in the paper was not an irrevocable offer to hire plaintiff in the sum of $450.00 a month, but was merely an invitation to the proposed employee to make an offer and enter into a contract of employment. Defendant offered the proposed contract in evidence which was overruled by the Court. We think the Lower Court was correct in sustaining the objection to this offering of the proposed contract because this was a proposed subsequent agreement which cannot revoke or modify the original offer as stated in the newspaper advertisement. See LSA-R.C.C. 1801-1804, Kodel Radio Corporation v. Shuler, 171 La. 469, 131 So. 462.
Defendant further urges this advertisement with the $450.00 a month guarantee is subject to the qualification, "if qualified." The man must have been qualified because he was put to work and worked for two months and only resigned when they obviously did not continue his guaranteed salary of $450.00 per month. If he had not been qualified the defendant could have discharged him or terminated his employment for cause but it did not do so even though plaintiff had refused to sign their proposed agreement.
*861 The Judge of the Lower Court in the written reasons for judgment found as follows:
"In the Court's opinion, there is no question that the defendant was obligated to pay the plaintiff at least $450.00 per month for the two months provided he was not dismissed for failure to work. When the plaintiff answered the advertisement and was accepted for the job there was in full force and effect a binding employment contract. `A newspaper advertisement may constitute an offer, acceptance of which will consummate a contract and create an obligation in offeror to perform according to terms of published offer.' Johnson v. Capital City Ford Company, Inc., [La.App.] 85 So.2d 75.
"Here the employer cast the lure of future employment to prospective employees by means of a newspaper advertisement. `It must further be remembered that the words of the advertisement were of course chosen by defendant-dealer, and if any ambiguity exists as to their meaning, it must be resolved against their composer.' Johnson v. Capital City Ford Company, Inc., [La.App.] 85 So.2d 75.
"When the plaintiff was accepted and assigned his duties he was then `qualified' within the terms of the advertisement. By reporting for employment and undertaking his duties he signified that he had accepted the contract.' A party need not accept a contract expressly by his signature. He does so by availing himself of its stipulation.' Shear v. Karno, [La.App.] 150 So.2d 916."
With this finding of the Lower Court this Court is in full accord, and can find no reason to reverse the decision herein.
For the foregoing reasons the judgment of the Lower Court is affirmed.
Affirmed.