252 So.2d 341 (1971)
Hughston G. WRIGHT
v.
ROUND THE CORNER RESTAURANTS OF LOUISIANA, INC., et al.
No. 4410.
Court of Appeal of Louisiana, Fourth Circuit.
June 28, 1971.
*342 Duke & Porterie, Louis B. Porterie, John L. Hantel, New Orleans, for plaintiff-appellant.
Kantrow, Spaht, Weaver & Walter, Sidney M. Blitzer, Jr., Baton Rouge, for defendants-appellees.
Before SAMUEL, REDMANN and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Hughston G. Wright, instituted this suit to recover all of the salaries and benefits due him under a contract of employment entered into with defendants. An exception of prematurity was filed on the ground that the plaintiff had not complied with a provision in the contract providing *343 that any dispute arising between the parties was to be settled by arbitration pursuant to the rules of the American Arbitration Association. From a district court judgment maintaining defendant's exception, plaintiff has perfected this appeal.
Briefly stated, the facts are as follows: Plaintiff entered into an agreement with Round the Corner Restaurants of Louisiana, Inc., B. Edwin Massey, Dan W. James, II, Louis W. Gragg, and J. B. Martin. This agreement, labelled "Employment Agreement and Option" and dated November 3, 1969, provided for plaintiff's employment by the above-named corporation as the "General Manager" of a restaurant which was to be opened in Baton Rouge, Louisiana. However, plaintiff maintains that on January 15, 1970, before the restaurant could be set up and opened for business, he was notified by letter that his employment was terminated effective January 31, 1970, with no reason being given for such action. He subsequently instituted this suit.
Defendant's position is that Wright was dismissed for one of the causes for termination of employment listed in the contract; and further, that before any dispute arising from this action can be litigated in the courts, it must be submitted for arbitration in accordance with that clause in the agreement which reads as follows:
"Any controversy relating to this Agreement shall be settled by arbitration in the City and County of Denver, State of Colorado, pursuant to the rules then obtained of the American Arbitration Association. Judgment upon the award may be entered in any court having jurisdiction."
Plaintiff insists this clause is invalid and unenforceable under Louisiana law and that the lower court erred in failing to so hold.
Before addressing ourselves to this argument, it should be made clear that Louisiana law controls the rights of the parties under this employment contract. Article 10 of the Louisiana Civil Code provides, in pertinent part, as follows:
"The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
"But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect."
Since the contract, though signed in Colorado, was to have effect in Louisiana, it falls within the coverage of paragraph two, thus rendering Louisiana substantive law controlling. Our jurisprudence has affirmed this position in the cases of General Talking Pictures Corp. v. Pine Tree Amusement Co., 180 La. 529, 156 So. 812 (1934), and Caldwell & Co. v. Deschanel International Corp., 6 La.App. 802 (1927). See also 15A C.J.S. Conflict of Laws, § 11(3).
Pertinent to our discussion of the validity of the arbitration clause are the following provisions of the Louisiana Arbitration Law:
LSA-R.S. 9:4201:
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
LSA-R.S. 9:4216:
"Nothing contained in this Chapter shall apply to contracts of employment of labor or to contracts for arbitration which are controlled by valid legislation of the United States or to contracts made prior to July 28, 1948."
*344 LSA-R.S. 9:4201 was passed pursuant to the LSA Constitution of 1921, Article 3, Section 36, which provides:
"It shall be the duty of the Legislature to pass such laws as may be proper and necessary to decide differences, with the consent of the parties, by arbitration."
Plaintiff's position is that while LSA-R.S. 9:4201 creates the right to provide for arbitration of disputes arising out of contracts, LSA-R.S. 9:4216 negatives application of that right to contracts for employment of labor. Thus, he argues, since this is a "contract of employment of labor" the arbitration clause contained in the "Employment Agreement and Option" is unenforceable.
It is the opinion of this court that the qualification of LSA-R.S. 9:4216 does not apply to the instant case for the reason that the present contract is not one concerning the employment of "labor" as contemplated by that provision.
In the only case involving Louisiana law and interpreting this provision, the court held that a baseball manager who played only occasionally and whose real value to the team lay in his mental skill, his personality and leadership qualities, and his general managerial abilities was not employed as a "laborer" within the meaning of LSA-R.S. 9:4216 so as to exclude him from the substantive effects of the Louisiana Arbitration Law. Livingston v. Shreveport-Texas League Baseball Corp., 128 F.Supp. 191, W.D.La. (1955). In the course of this opinion Judge Dawkins stated at page 201:
"In our opinion, however, this exclusion does not apply to the present case. An annotation found at 129 A.L.R. 965, entitled `Construction and Application of Provisions of general arbitration statutes excluding from their operation contracts for labor or personal services', reads as follows:
"In construing a provision in an arbitration statute that it "shall not apply to contracts pertaining to labor", it has been held that the word "labor" does not include the performance of mental tasks, or the services or those recognized generally as professional men or women.
`Then in Universal Pictures Corporation v. Superior Court, (1935) 9 Cal.App.2d 490, 50 P.2d 500, the court, in adhering to this rule, held that a contract for the employment of a motion picture actor to perform in the production of a photoplay for a salary of $1000.00 per week came within the Arbitration Statute, since it was not a contract pertaining to labor. The Court said: "It seems to be generally conceded that individuals whose principal efforts are directed to the accomplishment of some mental task * * * or those persons generally known or recognized as professional men or women, even though in its broad sense, perform `labor', are not to be, nor should be, classified as `laborer', * * *. In its present connection, the meaning that should be attributed to the word is that it applies to that kind of human energy wherein physical force, or brawn and muscle, however skillfully employed, constitute the principal effort to produce a given result, rather than where the result to be accomplished depends primarily upon the exercise of the mental faculties".'"
The Supreme Court of California in Kerr v. Nelson, 7 Cal.2d 85, 59 P.2d 821 (1936), was faced with an interpretation similar to the one presently at issue. The Court there held that a clause in an arbitration statute which stated it did not apply to contracts "pertaining to labor" had reference to the kind of work which was considered physical labor as opposed to that which required mental skills.
We are convinced that LSA-R.S. 9:4216 stating that the arbitration provisions of that chapter do not apply to "contracts of *345 employment of labor" does not exclude all "contracts of employment," and was not intended to exclude employment in the type of work which plaintiff was required to perform, using mainly his managerial skill, discretion and judgment. Section 1 of the agreement provides:
"* * * The Employee shall have the responsibility for the supervision and direction of all operations of said restaurant and shall perform all such duties as are customarily performed by one holding such position in similar businesses, subject, however, to the supervision and direction of the officers and directors of the Employer or its duly authorized representative."
Under this provision of the contract, it is apparent that Mr. Wright was employed primarily for his supervisory and administrative ability as opposed to any physical effort he would exert on behalf of the employer.
Also of significance is the fact that the plaintiff's employment contract gave him the option to acquire a substantial portion (20 percent) of the total corporate stock under conditions not shown to make the option illusory. In light of this fact, and for the reasons discussed above, we have little doubt that the contract under consideration is not one of "employment of labor" within the meaning of LSA-R.S. 9:4216.
The court has considered the question of the fairness of that clause in the instrument which provides for arbitration in Denver, Colorado, of a contract to be performed in Baton Rouge, Louisiana, and has concluded that it is not unreasonable. The parties were free to contract under such terms and conditions as were mutually agreed upon by them. The designation of the State of Colorado for arbitration purposes was not an arbitrary requirement of the employer to secure an advantage over the employee. There was an identification of Colorado with this particular contract. Since the stockholders, from whom plaintiff was given the option to buy stock, were residents of Denver, this aspect of the contract seems appropriately arbitrable in that city. The agreement that all disputes should be there resolved is therefore not so unreasonable as to be held unenforceable here, where, in fact, part of the dispute relates to the stock option and the entire dispute should appropriately be resolved at one time.
It cannot be validly contended that the defendants rescinded or breached the contract by terminating the plaintiff's services before performance had begun. Mr. Wright was advised by written notice, dated January 15, 1970, that his employment would be terminated effective January 31, for failing to perform his duties in accordance with the instructions and directions of the officers and directors of the corporation, and further that he would be compensated as prescribed by the contract for this period. Obviously, the employee had entered upon the execution of his duties and had been so engaged since October 1, 1969, the date of commencement specified in the contract.
The discharge of the employee by defendants allegedly for causes expressed or implied under the contract of employment did not require the prior approval of arbitration. Therefore, the failure to utilize arbitration prior to plaintiff's dismissal does not relieve the parties of the contractual obligation to subsequently arbitrate their dispute. Since the employee does not concur in the action of the employer, the issue of justification for the termination of his employment becomes a dispute within the contemplation of this contract and must be submitted to arbitration. To hold otherwise would defeat the purpose of the arbitration clause and would be contrary to Louisiana jurisprudence. In the case of Bodman, Murrell & Webb v. Acacia Found. of L. S. U., 246 So.2d 323 (La.App. 1st Cir. 1971), the court held that under LSA-R.S. 9:4201 there must exist grounds for revocation of an arbitration provision *346 itself, apart from grounds that may exist for revocation of the remainder of the contract, before a party thereto can avoid enforcement of its provisions. This holding was based on its conclusion that the legislature intended arbitration clauses to be separate from the contracts in which they are contained. We concur in that judgment.
In Louisiana, as in most jurisdictions, arbitration is favored as a public policy. Article III, Section 36, Constitution of 1921, pursuant to which LSA-R.S. 9:4201 et seq. were adopted; Livingston v. Shreveport-Texas League Baseball Corp., supra. It avoids the delay and expense of litigation and is particularly welcome in a time when the dockets of many of our courts are overcrowded. LSA-C.C. 1901 provides:
"Agreements legally entered into have the effect of laws on those who have formed them.
"They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
"They must be performed with good faith."
The parties have entered into an enforceable agreement which provides for arbitration, and between them it is binding as the law. The court will not permit the evasion of this provision.
The trial court correctly dismissed the alternative plea of appellant for a declaratory judgment of his rights under the contract, since these are the rights which are in dispute and which we have concluded must be submitted to arbitration.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.
Affirmed.