352 So.2d 243 (1977)
Patricia COOK et al.
v.
AAA WORLDWIDE TRAVEL AGENCY, a Division of American Automobile Association of Louisiana and Dynimex-Pacifex Tours, Inc.
No. 8329.
Court of Appeal of Louisiana, Fourth Circuit.
September 8, 1977.
Dissenting Opinion October 31, 1977.
Rehearings Denied December 13, 1977.
Writ Granted January 30, 1978.
Gerard J. Hansen, New Orleans, for plaintiffs-appellants.
Frank J. Varela, New Orleans, for defendant-appellee, American Auto. Ass'n, Inc.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John W. Haygood, New Orleans, for defendant-appellee, Dynimex, Inc.
Before LEMMON, GULOTTA and BEER. JJ.
*244 GULOTTA, Judge.
The trial judge maintained defendants' exception of prematurity to a breach of contract suit arising out of an overseas guided tour. Plaintiffs, members of the tour, allege that they purchased the services and accommodations as outlined in defendants' tour brochure but were not provided with the arrangements as guaranteed. The basis for the court's ruling is a provision in the same brochure which provides that any disputes or claims which may arise out of the agreement or relationship between the parties shall be settled by arbitration.[1] Admittedly, plaintiffs did not request arbitration of the dispute.
It is plaintiffs' contention on appeal that LSA-R.S. 9:4201[2] provides that an agreement to settle a dispute by arbitration must be in writing. According to plaintiffs, because no contract was executed in writing between the parties and signed by them, the requirements of LSA-R.S. 9:4201 have not been met and resort to arbitration is not mandatory in this case. Alternatively, plaintiffs contend that in the event that arbitration is required, defendants are estopped from asserting this requirement because of their (defendants') failure to request arbitration prior to the filing of the suit.
We reject these contentions. Accordingly, we affirm.
It is true, as pointed out by plaintiffs, that LSA-R.S. 9:4201 requires that an agreement to submit a dispute to arbitration be in writing. It is also true that no written, signed instrument containing the arbitration provision was entered into between the parties. The document containing the arbitration provision is a colorful brochure setting forth the nature and extent of the tour, the itinerary and the cost.
Although plaintiffs claim the arbitration provision violated LSA-R.S. 9:4201 because the provision was not in writing and was not made known to or specifically agreed upon by plaintiffs, the petition in which plaintiffs assert their claim relies on the representations made in the same brochure containing the arbitration provision. In paragraph V. of the original petition,[3] plaintiffs allege that they purchased the tour as outlined in the brochure. In paragraph VI. of plaintiffs' petition, they allege that defendants breached their contract by 1) not allowing the leisure time as indicated by the brochure; 2) not providing the informative tour as guaranteed in the brochure; 3) not including certain tours as guaranteed in the brochure; and, 4) not placing plaintiffs in luxury hotels as indicated in the brochure. When these allegations are considered, we find difficulty in placing any validity in plaintiffs' assertion that the arbitration provision in the brochure is not binding but that the guarantees of services and accommodations set forth in the same brochure provide the basis for plaintiffs' claim for breach of contract.
*245 Although plaintiffs claim, in brief and in argument, that the arbitration agreement was not in writing, the primary thrust of their argument is that no signed agreement containing the arbitration provision was entered into between the parties. It is clear from a reading of LSA-R.S. 9:4201 et seq. that no requirement is made that the written agreement be signed by the parties. Presumably, absent a signature or a signing of an agreement, the effect or validity of the agreement may be shown by the actions and conduct of the parties.
We have not been cited nor have we found any Louisiana jurisprudence on the question whether the arbitration provision is required to be signed by the parties. Reference to other authorities, however, indicates that no signature is necessary under statutes similar to our own. Defendants cite 5 Am.Jur.2d, Arbitration and Award § 13, in support of their contention that arbitration agreements which are required to be in writing are nevertheless valid though not signed by the parties. See also Domke on Commercial Arbitration, § 6.01 (1968). Defendants also rely on U.S. District Court decisions dealing with Federal statutes similar to our own and holding that no signature to the written clause is necessary.[4]
We also find persuasive defendants' argument that the arbitration agreement in the brochure is similar to that in the uninsured motorist coverage of an automobile liability insurance policy which is not signed by the insured, but which has been upheld in other jurisdictions.[5]
Though we find no Louisiana authority either supporting or rejecting the necessity that arbitration agreements be signed by the parties, our courts have expressed the general view that, as a matter of public policy, arbitration is favored in the law. See Wright v. Round The Corner Restaurants of Louisiana, Inc., 252 So.2d 341 (La. App. 4th Cir. 1971); Cajun Electric Power Cooperative, Inc. v. Louisiana Power and Light Company, 324 So.2d 475 (La.App. 4th Cir. 1975).
A brochure, not unlike a newspaper advertisement, is in the nature of an offer. See Johnson v. Capital City Ford Company, 85 So.2d 75 (La.App. 1st Cir. 1955); Willis v. Allied Insulation Company, 174 So.2d 858 (La.App. 1st Cir. 1965). Though courts in other states have regarded certain newspaper advertisements as invitations for offers,[6] we are inclined to the belief, based on the Johnson and Willis decisions, that the detailed travel brochure before us is an offer to deliver services under conditions set forth in the brochure. Upon payment of the stated price of the tour, a contract came into existence between the parties. The terms of that contract are set forth in the printed brochure which, in addition to a colorful description of the itinerary, contains a "General Conditions" section. In that section, particular conditions concerning such subjects as tour prices, reservations and deposits are set forth in addition to the arbitration clause. The parties entered into a contract subject to these conditions. Though no signed agreement existed between the parties, plaintiffs' action in paying the tour price and embarking on the trip indicates an intent to be bound by the arbitration provision. Under the circumstances, we conclude that the arbitration provision contained in the brochure is binding on the parties.
Plaintiffs assert, however, even if the arbitration provision is a part of the agreement between the parties, it is not enforceable because the designation of the State of Minnesota as the place for arbitration is unreasonable. We do not agree.
*246 Defendant Dynimex is a Minnesota corporation which offers tours to travelers from all over the country. There is no evidence in the record to indicate that all participants in the tour were Louisiana residents. Conceivably, because related claims arising from the same tour, but involving citizens of many states might arise, it is not unreasonable that all disputes be resolved by an arbitrator in a single location. See Wright v. Round The Corner Restaurants of Louisiana, Inc., supra. We distinguish the facts of our case from those in Calzavara v. Biehl & Company, 181 So.2d 809 (La.App. 4th Cir. 1966). The cited case involved a dispute between two Louisiana residents. We held that a clause in the contract requiring that any legal action be brought in Venice, Italy was unreasonable. The circumstances of our case are clearly different.
We reject plaintiffs' contention that defendants are estopped from demanding arbitration or asserting the arbitration provision as a defense to the suit. LSA-R.S. 9:4202,[7] dealing with a suit brought upon an issue referable to arbitration, provides for a stay of trial until arbitration is complete, so long as "the applicant for the stay is not in default in proceeding with the arbitration". It is clear from a reading of the statute that it contemplates estoppel from asserting an exception of prematurity (based on an arbitration provision) to a suit (on an issue referable to arbitration) where plaintiff has requested arbitration and defendant-exceptor has refused to accede to the request. Though plaintiffs argue that defendants have been dilatory in asking that arbitration commence or in manifesting a desire to discuss a time and place for arbitration, plaintiffs themselves have not at any time requested arbitration. Defendants, therefore, cannot be considered as having refused to arbitrate or as being "in default in proceeding with the arbitration". Under the circumstances, we conclude that defendants' failure to request arbitration does not constitute a waiver of their right to assert the exception of prematurity based on the arbitration provision.
Accordingly, the judgment is affirmed.
AFFIRMED.
LEMMON, J., dissents and assigns reasons.
LEMMON, Judge, dissenting.
Defendants are asking this court to enforce the provisions of a contract, drawn by them, in which they attempt to tell the other contracting party that if he is dissatisfied with the promised performance, he can complain only (1) by arbitration and (2) in Minnesota. Pretermitting the question of arbitration, I would hold that these defendants, who came into Louisiana and solicited business from Louisiana residents by offering to perform certain services in exchange for payment, cannot reasonably require the Louisiana residents to bring disputes over performance of the $1,527.00 contract only in Minnesota. The contractual provision is not only unreasonable, but also effectively deprives the Louisiana residents of any reasonable opportunity for a hearing on the dispute in violation of the public policy of Louisiana embodied in La. Const. 1974, Art. 1, § 22, which states:
"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights".
Generally, the validity of a contractual provision, giving exclusive jurisdiction to *247 certain courts over disputes which may arise, depends upon the reasonableness of the provision in the light of all the circumstances of this case.[1] In Calzavara v. Biehl & Co., supra, we refused to enforce a provision in a contract of passage, entered into in New Orleans between two Louisiana residents, because the provision attempting to make Venice, Italy the exclusive place for bringing actions was unreasonable. We also noted that enforcement of the provision "would be equivalent to holding that he cannot bring the action against the defendant anywhere".
In Wright v. Round the Corner Restaurant of La., Inc., supra, the parties entered into an employment agreement in Colorado, where the shareholders of the corporation resided, although the employment services were to be rendered in Louisiana. We held reasonable a provision requiring settlement of disputes by arbitration in Colorado, noting particularly that a substantial part of the dispute related to an option to acquire 20% of the corporate stock from the Colorado residents.
In the present case one defendant, a Minnesota corporation, mailed the particular brochures to the travel agent, a Louisiana corporation, who advertised the tour in newspapers and periodicals here and negotiated the sale of the tour to the public. The Minnesota corporation received the payment (minus the fee withheld by the Louisiana corporation) and conducted the tour which commenced in Seattle and terminated in Honolulu. Thus, the contract of sale was struck in Louisiana between plaintiffs (Louisiana residents) and one defendant (a Louisiana corporation) that acted as agent on a commission basis for the other defendant (a Minnesota corporation). The record shows no contacts whatsoever with the state of Minnesota in the formation of this contract, except for the mailing of the brochure containing the limiting provision.
In my opinion there is no reasonable basis to require the Louisiana residents to go to Minnesota to obtain relief from their complaints about the performance of the contract, and requiring them to do so effectively deprives them of a reasonable remedy.
NOTES
[1] The brochure, which sets forth the nature and extent of the tour, contains the following provision:

"Any disputes or claims which may arise as per our agreement or relationship, or with respect to any breach thereof on the part of operator or agent or participant, shall be settled by arbitration in the State of Minnesota."
[2] LSA-R.S. 9:4201 provides:

§ 4201. Validity of arbitration agreements
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
[3] Paragraph V. of plaintiffs' petition reads as follows:

"V.
"Petitioners allege that the tour they purchased as outlined in the brochure issued by DYNIMEX-PACIFEX TOURS, INC. and presented by its agent, AAA WORLDWIDE TRAVEL AGENCY, a division of AMERICAN AUTOMOBILE ASSOCIATION OF LOUISIANA, was not the tour that they actually received when they arrived in Tokyo, Japan and therefore your petitioners allege breach of contract on the part of AAA WORLDWIDE TRAVEL AGENCY, a division of AMERICAN AUTOMOBILE ASSOCIATION OF LOUISIANA and DYNIMEX-PACIFEX TOURS, INC."
[4] See 9 U.S.C.A. Secs. 2 and 3; Ocean Industries, Inc. v. Soros Associates International, Inc., 328 F.Supp. 944 (S.D.N.Y.1971); A.B.C., Inc. v. Am. Fed. of Tel. and Radio Artists, 412 F.Supp. 1077 (S.D.N.Y.1976).
[5] See Miller v. Allstate Insurance Company, 238 F.Supp. 565 (W.D.Penn.1965); Bohlmann v. Allstate Insurance Company, 171 So.2d 23 (Fla.App. 1st Dist. 1965); 17 C.J.S. Contracts § 59 and 17 C.J.S. Contracts § 62.
[6] See Litvinoff, "Offer and Acceptance in Louisiana Law: A Comparative Analysis: Part I Offer", 28 La.L.Rev. 1, 4 n. 21 (1968) and the common law jurisprudence cited therein.
[7] LSA-R.S. 9:4202 provides:

§ 4202. Stay of proceedings brought in violation of arbitration agreement
"If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."
[1] See 56 A.L.R.2d 295, § 6 (1957)