520 So.2d 467 (1988)
Mrs. John E. HURLEY
v.
Barry FOX, Individually and d/b/a Barry Fox & Associates Architects, Ltd.
No. CA 7829.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Rehearing Denied March 16, 1988.
Ralph L. Kaskell, Jr., Bobby M. Harges, Deutsch, Kerrigan & Stiles, New Orleans, for appellant.
A.R. Christovich, Jr., Christovich & Kearney, New Orleans, for appellee.
Before CIACCIO and LOBRANO, JJ., and HERBERT A. CADE, J. Pro Tem.
CIACCIO, Judge.
Defendant appeals the denial of his motion to confirm an arbitration award. La. R.S. 9:4209. The issue before us is whether La.R.S. 9:4201 requires that a valid contract to arbitrate be written and signed by the parties. In this case there is a "contract" signed by only one of the two parties. That document contains the written agreement to arbitrate relied upon by defendant. Considering only that the document was not signed by both parties, the district judge found no valid agreement to arbitrate, and therefore denied defendant's motion to stay the judicial proceedings instituted by plaintiff and denied defendant's motion to confirm the arbitration award obtained without plaintiff's participation in the arbitration hearing.
We hold, as we have held before, that La.R.S. 9:4201 does not require that the written agreement to arbitrate be signed by the parties. Cook v. AAA Worldwide Travel Agency, 352 So.2d 243 (La.App. 4th Cir.1977), reversed on other grounds, 360 So.2d 839 (La.1978). Because the district judge found to the contrary and the judgment was based on that finding alone, we set aside the judgment.
Although it appears that a contract existed between the parties, what must be determined is whether the document containing the written agreement to arbitrate represents the terms to which the parties agreed and by which the parties obligated themselves to perform. For if the parties consented to the terms of the document, particularly the agreement to arbitrate, then that written agreement to arbitrate is valid, irrevocable, and enforceable, except upon the grounds which exist at law or in equity for the revocation of contracts. La. R.S. 9:4201. Because there was no hearing on this issue, the judge deciding the matter solely on the issue of the parties' signing, we remand the matter for a determination of whether the document signed only by defendant is nevertheless the expression of the terms of the contract between the parties.
*468 Plaintiff sought the services of defendant, an architect, in the construction of a residence. Defendant made multiple drawings including a final drawing of the plans and specifications of the house plaintiff wanted built. At some time an American Institute of Architects, Standard Form of Agreement Between Owner and Architect was filled out and signed by defendant. Defendant sent copies of the signed form to plaintiff and her attorney.
The project progressed. With defendant serving as architect, plaintiff's house was built. Disputes arose, however, between plaintiff and her architect over matters of construction and design. Ostensibly under the terms of their agreement, plaintiff, through counsel, informed defendant that she was prepared to submit the disputed matters to binding arbitration. Because plaintiff was withholding from defendant final payment on the project, defendant sought resolution by arbitration, filing his claim for final payment. Plaintiff filed a counter-claim for damages arising from those matters of construction and design with which she was dissatisfied.
Both parties began participating fully in the arbitration process: they filed claims and counter-claims; considered, selected or rejected, suggested arbitrators; agreed upon an arbitrator; considered, accepted or rejected, and chose a location for the hearing; agreed upon a date for the hearing. Shortly before the hearing, however, counsel for plaintiff decided that because plaintiff had not signed the "contract", she was not bound to participate in the arbitration hearings. Plaintiff notified defendant and the arbitration association that she would not participate in the hearing and that the arbitration proceedings were at an end. Later she agreed to participate if the decision of the arbitrator would not be binding. Defendant maintained that plaintiff was obligated to submit matters of controversy to binding arbitration.
Plaintiff filed suit in district court, but did not move the court to stay the arbitration proceedings. Defendant moved the district court to stay its proceedings pending completion of the arbitration proceedings. La.R.S. 9:4202. The district court did not hear defendant's motion prior to the arbitration hearing. Defendant did not move the court to determine the validity of the arbitration agreement and to order plaintiff's participation. See La.R.S. 9:4203.
The arbitration hearing was conducted without plaintiff's participation. Defendant presented his case including both testimonial and documentary evidence. The arbitrator rendered an award in favor of defendant for the final payment amount which defendant complained that plaintiff was withholding.
Defendant moved the district court to confirm the arbitrator's award. La.R.S. 9:4209. Plaintiff did not move the court to vacate or modify the award as provided by La.R.S. 9:4210 and 9:4211. The court heard defendant's motion to stay and motion to confirm the award, and denied them both upon finding no valid agreement to arbitrate because plaintiff had not signed the "contract."
We note that under the Louisiana Arbitration Law, if there is a valid agreement to arbitrate, La.R.S. 9:4201, upon timely application for confirmation the court is mandated to confirm the arbitrator's award absent a motion to vacate, modify or correct the award under La.R.S. 9:4210 or 9:4211. See La.R.S. 9:4209. We do not reach this issue, however, because we find that the record does not establish whether the parties had a valid agreement to arbitrate.
The essence of the parties' contract was the design and construction of a house a contract for which the law prescribes no certain formality. The offer and acceptance which formed the contract, therefore, may have been made orally, in writing, or by action or inaction which under the circumstances is clearly indicative of consent. Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made. La.C.C. Art. 1927 (as enacted in 1984 in the revision of the Louisiana Civil Code, Book III, Titles III and IV, and derived from *469 former La.C.C. Arts. 1797, 1798, 1812, 1816 and 1817). Absent a signature or a signing of an agreement, the effect or validity of the agreement may be shown by the actions and conduct of the parties. Cook v. AAA Worldwide Travel Agency, supra, 352 So.2d at 245. It is possible, therefore, that the agreement between the parties is in writing even though the parties have not signed the writing.
It is necessary, therefore, to distinguish between the requirement that an agreement be in writing and the requirement that an agreement be signed. An agreement may be written and the consent thereto may be made orally or by the action or inaction of the parties, thus no signing of the writing is required. If the law requires signing, then at least some part (if not all) of the agreement must be written so that the parties have something to sign.
A writing requirement does not necessarily imply a signing requirement. Signing is an additional requirement beyond writing. When the law requires both, it expressly states both requirements: under La.R.S. 9:4208 the arbitration award "shall be in writing and shall be signed ..."; La.R.S. 22:1406 D.(1), dealing with uninsured motorist coverage, provides, "Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become part of the policy or contract ..."; under La.C.C. P. Art. 1911, "every final judgment shall be signed by the judge," and no appeal may be taken from a final judgment unless it is signed, even if it is written; in the criminal law, "an information is a written accusation of crime made by the district attorney and signed by him," La.C.Cr.P. Art. 384.
La.R.S. 9:4201 provides that if the agreement to arbitrate is in writing, it shall be valid, irrevocable and enforceable. The law does not provide that the agreement must be signed. We conclude, therefore, that if the agreement between the parties is written, the provisions of the statute are satisfied even though the writing is not signed by the parties.
Accordingly, we set aside the judgment of the district court. We remand this matter for a hearing to determine whether the written "contract" signed by defendant expresses the terms of the agreement, if any, which existed between the parties. The court should also determine whether that agreement includes an arbitration clause which satisfies the provisions of La.R.S. 9:4201. Using that determination the court can then rule, under La.R.S. 9:4209, on defendant's motion to confirm the arbitrator's award.
JUDGMENT SET ASIDE; CASE REMANDED.