Dear Representative Michot:
You have requested an Attorney General's opinion which asks that we address the following issues:
 1. May a consumer creditor and/or extender of credit utilize and enforce an arbitration agreement entered into by a consumer in the context of a consumer credit transaction?
 2. Does the Louisiana Consumer Credit Law (La. R.S. 9:3510
et seq.) prohibit arbitration agreements prepared and entered into pursuant to the Louisiana Arbitration Law (La. R.S. 9:4201 et seq)?
 3. In conjunction with a consumer credit transaction, may a creditor and consumer lawfully enter into an arbitration agreement which is disclosed to the consumer, sets forth the scope of the agreement and subject matter for arbitration, sets forth an objective arbitration procedure (including an arbitrator selection process and utilization of a neutral and independent arbitrator and arbitration association), provides that the creditor generally will bear the entire cost of the arbitration proceedings, and preserves all legal rights and remedies of the consumer?
The Louisiana Consumer Credit Law is found at LSA-R.S. 9:3510 et seq. There is nothing in the Act which specifically prohibits an extender of credit from utilizing and enforcing an arbitration agreement clause. LSA-R.S. 9:3513 provides that "a consumer may not waive or agree to forego rights or benefits under this chapter except that a claim, if disputed in good faith, may besettled by compromise or agreement". (emphasis added) One could reasonably conclude that an arbitration clause allows for disputes to be settled by compromise or agreement.
The Louisiana Binding Arbitration Law is found at LSA-R.S. 9:4201
et seq. It provides:
 A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them shall be valid, irrevocable, and enforceable (LSA-R.S. 9:4201).
The only arbitration agreements which are expressly prohibited by the Act are found at LSA-R.S. 9:4216. It reads:
 Nothing contained in this Chapter shall apply to contracts of employment of labor or contracts for arbitration which are controlled by valid legislation of the United States or to contracts made prior to July 28, 1948.
As the Louisiana Consumer Credit Law was in force when the legislature enacted the Louisiana Binding Arbitration Law, it was the intent of lawmakers to allow for arbitration agreements in consumer credit contracts.
Although it is clear that consumer credit lenders may utilize and enforce an arbitration agreement, it is questionable whether the costs of arbitration may exceed those costs specifically enumerated as allowable in the Louisiana Consumer Credit Law. Prior opinions issued by this office have held that the fees and costs provided for in the Louisiana Consumer Credit Law are exclusive. Opinion of the Attorney General 80-142 addressed the issue of whether a credit lender could charge an "NSF" fee not provided for in the Consumer Credit Law. Our office concluded that no charges other than those specifically provided were allowable. LSA-R.S. 9:3534 provides for the fees and costs allowable. It reads:
 A. Any consumer credit transaction agreement may provide for the payment by the consumer of attorney's fees not in excess of twenty-five per cent of the unpaid debt after default and referral to an attorney for collection.
 B. An extender of credit may not contract with a consumer for the reimbursement of fees paid to a collection agency employed to collect the consumer's indebtedness.
Additionally, LSA-R.S. 9:3551 provides that "if a court . . . finds the agreement or any clause of the agreement to have been unconscionable at any time it was made the court may refuse to enforce the agreement, or it may enforce the remainder of the agreement without the unconscionable clause". In order for an arbitration agreement to be enforceable, courts will look to see if the language is clear and plain; and if the arbitration clause is conspicuous and detailed enough so that the consumer is properly apprised of the details of the agreement.
Louisiana courts have held that arbitration is "favored as a public policy. It avoids the delay and expense of litigation and is particularly welcome in a time when the dockets of many of our courts are overcrowded". (Wright v. Round the Corner Restaurantsof Louisiana, Inc., 252 So.2d 341, at 345 (La.App. 4th Cir. 1971).
Finally, the United States Supreme Court has held that lenders who engage in interstate commerce and issue consumer credit loans across state lines are governed by the Federal Arbitration Act. This Act established a national policy in favor of arbitrating disputes involving interstate commerce and preempts incompatible state laws and judicial rulings. It directs federal and state courts to enforce valid arbitration agreements by staying lawsuits involving claims that are subject to an arbitration agreement and/or compelling a party to arbitrate in accordance with the arbitration agreement. (9 U.S.C. § 3,4). See Allied-BruceTerminix Cos. V. Dobson, 513 U.S. 265 (1995) and Doctor'sAssociates, Inc. v. Cassarotto et ux, 517 U.S. 681, (1996).
Therefore, we conclude that an extender of consumer credit may utilize and enforce an arbitration clause when extending credit to a consumer as long as the clause is not unconscionable or does not exceed the fee restrictions in the Louisiana Consumer Credit Law. An extender of credit who engages in interstate commerce when extending consumer credit is governed by the Federal Arbitration Act which will preempt state law and jurisprudence.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ ISABEL WINGERTER ASSISTANT ATTORNEY GENERAL
IW:spa
Date Received:
Date Released:
ISABEL WINGERTER ASSISTANT ATTORNEY GENERAL