734 So.2d 149 (1999)
SUCCESSION OF Anthony Henry TARAVELLA.
No. 98-CA-834.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1999.
*150 Judy L. Burnthorn, New Orleans, Louisiana, for plaintiff-appellant.
Lyman L. Jones, Jr., New Orleans, Louisiana, for defendants-appellees.
Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., SOL GOTHARD, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
GRISBAUM, Judge.
The appellant, Diane Taravella Baldock, appeals the judgment of the trial court granting appellees' motion to compel arbitration. We reverse.

ISSUES
The issues presented for our review are:
(1) Whether the trial court erred in granting the motion to compel arbitration, and
(2) Whether issues regarding "probate and succession matters" are arbitrable.

FACTS AND PROCEDURAL HISTORY
The appellant herein is Diane Taravella Baldock, who is a surviving child of the decedent, Anthony Henry Taravella. The decedent's ex-wife, Agnes Rita Spera Taravella, and their other two children, Jody Taravella and Gina Taravella, are the appellees. This appeal arises from the trial court's grant of appellees' motion to compel arbitration.
During the decedent's marriage to Agnes Taravella, he executed a will leaving his entire estate to his wife. Approximately, two years prior to his death, he executed another will dated August 26, 1994. In this will, he appointed Diane Taravella Baldock, the appellant, as executrix, and left his entire estate to his children, plus a certain amount of cash to Mrs. Baldock, who cared for the decedent during his last illness, and nothing to his ex-wife. The appellees contend that the decedent lacked testamentary capacity when he signed this will.
In an attempt to expedite conclusion of this matter and after several continuances, Mrs. Baldock's counsel suggested arbitration. Appellees then proceeded to search for an arbitrator. In November of 1997, the appellees were informed that the appellant did not want to arbitrate but wanted to set a new trial date. Appellees then filed a motion to compel arbitration, which was granted by the trial court. It is this judgment from which the appellant appeals.

LAW AND ANALYSIS
Because we conclude that there was no agreement between the parties to *151 arbitrate and, thus, the trial court erroneously granted the motion to compel arbitration, we find it unnecessary to address whether "probate and succession matters" are arbitrable.
La. R.S. 9:4201, Validity of arbitration agreements, provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
A valid agreement to arbitrate requires an agreement in writing; however, this does not include the signature of all parties. Hurley v. Fox, 520 So.2d 467 (La. App. 4th Cir.1988), on remand, 559 So.2d 887 (La.App. 4th Cir.1990). When an agreement lacks a signature, the actions and the conduct of the party or parties, who did not sign, may show the effect or validity of the agreement. Id.
The appellant contends that there was no agreement to arbitrate. The appellees contend that the correspondence between their counsel and appellant's counsel regarding the search for an appropriate arbitration firm constitutes a contract without a signature and that appellant's inaction constitutes conduct showing the validity of the contract. We find that the parties never entered into a written agreement to arbitrate as required by La. R.S. 9:4201.
The correspondence from appellees' counsel to appellant's counsel fails to constitute a written agreement to arbitrate between the parties. Louisiana jurisprudence shows us that a contract with a clause containing language such as "the parties hereto agree that all disputes will be decided by arbitration" is required for us to find that the parties agreed to arbitrate. See George Engine Co., Inc. v. S. Shipbuilding Corp., 350 So.2d 881 (La. 1977); Bartley, Inc. v. Jefferson Parish School Bd., 302 So.2d 280 (La.1974); and Hurley v. Fox, supra. Correspondence, which is one-sided, fails to support a finding that an "agreement" was reached. Moreover, in one letter, appellees' counsel stated the following, "I have not heard anything further from you with regard to our arbitration proposal since we last met in court." This language indicates that arbitration was suggested but not agreed upon.
Even if a written agreement to arbitrate without the appellant's signature existed, we do not find that appellant's inaction constitutes action or conduct sufficient to establish the validity of an agreement. Hurley v. Fox, supra. In Hurley, the court, in finding that the plaintiffs action established the validity of the agreement, relied on affirmative actions of the plaintiff, which showed that she had agreed to the terms of the contract. Here, appellees rely on the inaction of the appellant to the correspondence sent to her counsel. Thus, even if there was an unsigned contract, we do not believe that the inaction of the appellant here can establish that she agreed to arbitrate. Accordingly, we find the trial court erred in granting appellees' motion to compel arbitration.
For the reasons assigned, we reverse the trial court's judgment which grants the appellees' motion to compel arbitration. All costs of this appeal are assessed against the appellees.
REVERSED.
EDWARDS, J., DISSENTS WITHOUT REASONS.