United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

───────────

No. 04-30911

───────────

KAREN A. MARINO,

Plaintiff-Appellee,

versus

DILLARD'S, INC., formerly known as Dillard's Department Stores,
Inc.,

Defendant-Appellant

Appeal from the United States District Court
For the Eastern District of Louisiana

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Karen Marino sued her former employer, Dillard's, Inc. ("Dillard's"), for unlawful termination

and failure to accommodate her alleged disability under the Americans with Disabilities Act ("ADA").

Dillard's moved to compel arbitration and to dismiss or stay the judicial proceedings pending

arbitration. The district court denied the motion, ruling that Marino had not assented to arbitration.

Dillard's implemented an arbitration program and provided its employees)) including Marino)) with

1

two documents: (1) the "Rules of Arbitration" and (2) a guidance memo concerning the new arbitration program. Under the program, employees who believed they had "been treated unlawfully, forced to resign or . . . were terminated illegally" agreed to allow Dillard's to conduct an internal review and, if the review did not resolve the dispute, have the dispute resolved by "an independent, neutral arbitrator." The Rules of Arbitration state that Dillard's and the employee "agree that the procedures provided in these Rules will be the sole method used to resolve any covered dispute arising between them" and that "[b]y accepting or continuing employment with Dillard's, [the employee has] agreed to accept the Program known as the Agreement to Arbitrate Certain Claims." Several days after receiving the Rules of Arbitration and guidance memo, Dillard's asked each employee, including Marino, to sign an "Acknowledgment of Receipt of Rules for Arbitration" (the "Acknowledgment Form"). The Acknowledgment Form states that "[e]mployees are deemed to have agreed to the provisions of the Rules [of Arbitration] by virtue of accepting employment with [Dillard's] and/or by continuing employment therewith." Below this language, and immediately above the signature line, the Acknowledgment Form states, "I acknowledge receipt of the agreement to arbitrate certain claims and rules of arbitration." Marino signed the Acknowledgment Form and continued working for Dillard's.

Subsequently, Dillard's terminated Marino. Marino sued Dillard's, alleging that Dillard's unlawfully terminated her employment and failed to reasonably accommodate her disability in violation of the ADA. Dillard's filed a motion to compel arbitration under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 - 9. Dillard's also requested a dismissal or stay of the judicial proceedings pending arbitration. The district court denied Dillard's' motion to compel. The district court found that consent to an arbitration agreement must be in writing under Louisiana law))not, as Dillard's

2

argued, through Marino's continued employment. Dillard's appealed, and the district court stayed all trial proceedings pending this appeal.

We review a denial of a motion to compel arbitration pursuant to the FAA *de novo*. *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). Similarly, we review a district court's interpretation of state law *de novo*. *Concise Oil & Gas P'ship v. La. Intrastate Gas Corp.*, 986 F.2d 1463, 1471 (5th Cir. 1993).

Article 1927 of the Louisiana Civil Code, which governs consent to contracts, provides:

A contract is formed by the consent of the parties established through offer and acceptance.

Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

LA. CIV. CODE ANN. art. 1927 (West 1987). This language makes clear that consent need not be written.

Louisiana state courts recognize that contract law does not require written acceptance of an arbitration agreement. For example, in *Hurley v. Fox*, the Louisiana Court of Appeal held that the Louisiana state arbitration law ) ) which tracks the language of the FAA and, like the FAA, requires arbitration agreements to be in writing ) ) "does not require that the written agreement to arbitrate be signed by the parties." 520 So. 2d 467, 467 (La. Ct. App. 4 Cir. 2/10/88) (citing *Cook v. AAA Worldwide Travel Agency*, 352 So. 2d 243 (La. Ct. App. 4 Cir. 9/8/77), *rev'd on other grounds*, 360 So. 2d 839 (La. 1978)). The court found it "necessary . . . to distinguish between the requirement that an agreement be in writing and the requirement that an agreement be signed. *An agreement may be*

*written and the consent thereto may be made orally or by the action or inaction of the parties*, thus no signing of the writing is required." *Id.* at 469 (emphasis added). *See also Alford v. Johnson Rice & Co., LLC*, 773 So. 2d 255, 258 (La. App. 4 Cir. 11/15/00) (concluding that an arbitration agreement governed by the FAA does not have to be signed); *In re Succession of Taravella*, 734 So. 2d 149, 151 (La. App. 5 Cir. 4/27/99) ("When an agreement [to arbitrate] lacks a signature, the actions and the conduct of the party or parties, who did not sign, may show the effect or validity of the agreement.").

We acknowledge that Comment (b) to Article 1927 provides, "[t]his Article reflects the view of the Louisiana jurisprudence that when special formalities are prescribed for a contract the same formalities are required for an offer or acceptance intended to form that contract." LA. CIV. CODE ANN. art. 1927, cmt. (b) (West 1987). The plain language of Article 1927, however, permits offer and acceptance to be made orally, in writing, or by action or inaction unless the law or the offer itself prescribes certain formalities for the offer and acceptance of a specific contract. Because the language of Article 1927 is clear and unambiguous, it is unnecessary to look beyond the text of the statute itself. *See* LA. CIV. CODE ANN. art. 9 (West 1999) ("When a law is clear and unambiguous . . . the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.").

Marino contends that even if written acceptance of an agreement to arbitrate is not required under Louisiana state law, the district court's judgment should be affirmed on the alternative ground that the arbitration documents are ambiguous. We disagree. In *May v. Higbee Co.*, we found that arbitration documents identical to those here were unambiguous. 372 F.3d 757, 764 (5th Cir. 2004). As in *May*, the Acknowledgment Form here is clear in advising Marino of the new Rules of Arbitration and of the means of consent, *i.e.*, Marino's continued employment with Dillard's.

4

Accordingly, we REVERSE the district court's denial of the motion to compel arbitration and REMAND the case for further proceedings not inconsistent with this opinion.