# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

MINDY BOWIE

VERSUS

BAYOU ENVIRONMENTAL PEST
CONTROL AND TERMITE
SERVICES, LLC

**NOVEMBER 17, 2025**

---

In Re:    Mindy Bowie, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge,
          No. 756010.

---

**BEFORE:    MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT GRANTED.** The trial court's July 24, 2025 judgment, which granted Defendant's, Bayou Environmental Pest Control and Termite Services, LLC, Exceptions of Prematurity and No Cause of Action, is reversed.

As to the exception of prematurity, the burden of proof is on the defendant to establish that a valid and enforceable arbitration agreement exists. See **Lafleur v. Law Offices of Anthony G. Buzbee, P.C.**, 2006-0466 (La. App. 1st Cir. 3/23/07), 960 So.2d 105, 109. If the defendant satisfies its burden of proof establishing its right to arbitration, the burden then shifts to plaintiff to demonstrate she did not consent to arbitration. **Id.** It is well-settled that a valid, written arbitration agreement need not be signed by the parties. **Rico v. Cappaert Manufactured Hous., Inc.**, 2005-141 (La. App. 3d Cir. 6/1/05), 903 So.2d 1284, citing **Hurley v. Fox**, 520 So.2d 467 (La. App. 4th Cir. 1988). Absent a signature, however, "the effect or validity of the agreement may be shown by the actions and conduct of the parties." **Rico**, 903 So.2d at 1289, citing to **Hurley**, 520 So.2d at 469. In this case, no evidence was presented to establish that plaintiff consented to or was aware of the arbitration agreement. The agreement relied on and introduced into evidence by defendant herein was a contract between defendant and the previous owner of the property, and not plaintiff, Mindy Bowie. Thus, the defendant failed to satisfy its burden that a valid and enforceable arbitration agreement existed between it and plaintiff. Accordingly, the trial court's ruling granting the Exception of Prematurity is reversed and the defendant's Exception of Prematurity is denied.

As to the exception of no cause of action, at the time of filing and judgment on this exception, the law provided that if two or more items of damages or theories of recovery arise from the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1239 (La. 1993). While we recognize that La. Code Civ. P. art. 927(A)(5) was amended, effective August 1, 2025, to provide that a partial judgment sustaining an exception of no cause of action may be appropriate when two or more actions are based on the same operative facts of a single

transaction, at the time of this judgment, the law prohibited such a partial exception. Accordingly, the Exception of No Cause of Action is denied.

**SMM**
**BDE**
**WEF**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
  FOR THE COURT